**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEAN MICHAEL STEVENS,

        Plaintiff - Appellant,

 v.

JEFFRY AAREN, Public Defender,

        Defendant,

and

MARY LECLARR, Public Defender; CITY OF MENDOCINO; C. DAVID EYSTER, District Attorney; GAVIN NEWSOM, Governor of California, Governor of California; JILL RAVITCH; NAPA STATE HOSPITAL DIRECTOR; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION DIRECTOR; BILL COGBILL, Head Sheriff Sonoma County; BUSHER, Corrections Deputy Sonoma County; Deputy BRAD JAMES, Deputy; SONOMA COUNTY SHERIFF,

        Defendants - Appellees.

No. 24-6359

D.C. No. 5:21-cv-05531-EJD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Edward J. Davila, District Judge, Presiding

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

Dean Michaels Stevens appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, including the court's conclusion that the action was barred by the statute of limitations. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment because Stevens failed to file this action within the applicable statute of limitations even with the benefit of statutory tolling due to incarceration, and he did not raise a genuine dispute of material fact as to any basis for tolling on the ground of incapacity. *See Soto v. Sweetman*, 882 F.3d 865, 870-71 (9th Cir. 2018) (explaining that courts apply federal law to determine claim accrual and "apply the state statute of limitations from personal-injury claims and borrow the state's tolling rules"); *see also* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (setting forth two-year statute of limitations for personal injury claims and a two-year maximum statutory tolling

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

due to imprisonment), § 352(a) ("If a person entitled to bring an action . . . is, at the time the cause of action accrued . . . lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**